| | |
|---|---|
| **From:** | Shomik Ghosh |
| **To:** | Rusafova, Mila; Chez Chambers |
| **Cc:** | neimer_eimerstahl.com; Daniel Birk; Schweizer, Greg; Jessica Underwood; Evan Bianchi |
| **Subject:** | Re: Professional Tennis Players Association et al. v. Wajid Mir Syed, No. 1:26-cv-07886 (N.D. Ill.) |
| **Date:** | Tuesday, July 7, 2026 6:13:46 PM |

<mark>CAUTION - EXTERNAL:</mark>

Dear Judge Cummings:

I write on behalf of the third party plaintiffs in the Washington DC action in response to Plaintiffs' letter opposing our requests. We make two modest, procedural requests and address them in that spirit.

1. This letter does not concern the merits, and we make no factual assertions here. Our requests go solely to the timing of the TRO hearing and whether it may be conducted remotely — matters squarely within the Court's discretion.

**2.** We respectfully ask the Court either to postpone the TRO hearing until after the July 16 TRO hearing already scheduled in the D.C. action, or, at minimum, to adjourn it briefly and permit us to appear remotely. This matter was calendared only today; retaining local counsel and appearing in this District necessarily takes time.

**3.** Plaintiffs fault the non-parties for not having intervened, but the compressed schedule is precisely why a short postponement is warranted — it would permit orderly participation rather than penalize its absence. Of course, this action could have been brought in the DC action as a counterclaim, but being brought in Illinois, the non-parties need time to secure local representation.

**4.** Plaintiffs' own position undercuts the urgency they now assert. In the D.C. action, Plaintiffs argued that the question of who controls the PTPA is not exigent because the status quo has not changed. Having taken that position, they cannot claim emergency here. The July 16 D.C. hearing — the forum Plaintiffs themselves invoked — will address the governance questions in short order, which is all the more reason to let this hearing follow it rather than precede it.

**5.** Plaintiffs' submission necessarily implicates the questions raised in the DC hearing, as they have filed lawsuit under the name of the same entity ("PTPA") that our clients initiated the action in DC to resolve ownership over. Indeed, one of the requested relief the DC court next week will be addressing at the TRO hearing is whether Plaintiffs in this matter may initiate any legal actions under the name of the PTPA pending resolution of

that litigation.

**6.** Finally, adequate notice and a meaningful opportunity to be heard are the hallmarks of TRO practice. A short postponement and/or remote appearance would honor those principles without prejudicing any party — particularly where Plaintiffs identify no change in the status quo during the brief interval requested.

Respectfully submitted,

Shomik Ghosh

**SHOMIK GHOSH**
Partner, Spiro Harrison & Nelson
100 Pearl Street, NY, NY 10004
Email: sghosh@shnlegal.com | Bio: Link

---

**From:** Rusafova, Mila <mrusafova@EimerStahl.com>
**Sent:** Tuesday, July 7, 2026 6:21 PM
**To:** chez_chambers@ilnd.uscourts.gov <chez_chambers@ilnd.uscourts.gov>
**Cc:** Eimer, Nate <neimer@EimerStahl.com>; Birk, Dan <dbirk@EimerStahl.com>; Schweizer, Greg <gschweizer@EimerStahl.com>; Shomik Ghosh <sghosh@shnlegal.com>; Jessica Underwood <junderwood@nixlaw.com>; Evan Bianchi <ebianchi@shnlegal.com>
**Subject:** RE: Professional Tennis Players Association et al. v. Wajid Mir Syed, No. 1:26-cv-07886 (N.D. Ill.)

Dear Judge Cummings:

I write in response to the email from Evan Bianchi, counsel for non-parties Saisai Zheng and Marco Trungelliti et al. ("Corresponding Counsel"). Corresponding Counsel asks the Court to reschedule the emergency hearing on Plaintiffs' application for a temporary restraining order and to allow Corresponding Counsel and his clients to participate in the hearing remotely. The Court should deny these requests.

Plaintiff the Professional Tennis Players Association (the "PTPA") seeks immediate relief against its former general counsel, Chicago resident Wajid Mir Syed, who was terminated over a month ago for gross misconduct yet is currently holding himself out—including at the ongoing Wimbledon Grand Slam Tournament—as the PTPA's lawyer and representative. Mir's conduct violates his fiduciary duties and his professional obligations as an attorney and is causing the PTPA immediate and irreparable harm by continuing to masquerade as its lawyer.

Corresponding Counsel does not say that he represents Mr. Mir or any party to this action, but instead a group of named and unnamed non-parties who claim to have been appointed to the PTPA's Executive Committee by Mir (a power Mir unquestionably did not have) and who want to take over the PTPA. These individuals have not filed a motion to intervene and thus do not have standing to seek a stay or to appear at the scheduled hearing. *See Douglas v. W. Union Co.*, 955 F.3d 662, 664–65 (7th Cir. 2020); *SEC v. Heartland Grp., Inc.*, No. 01 C 1984, 2003 WL 103015, at *3 (N.D. Ill. Jan. 10, 2003).

Nor is a stay warranted under the current circumstances. Although Mr. Mir plainly is the architect of the D.C. action, he deliberately and (on information and belief) in consultation with Corresponding Counsel, Zheng, and Trungelliti, refused to join it, likely to try to avoid subjecting himself to personal jurisdiction over the PTPA's inevitable claims against him and to try to avoid being bound by any adverse judgment or rulings. Having made that strategic decision, neither Mir, nor Corresponding Counsel, nor their clients can be heard to complain about Plaintiffs' decision to seek relief against Mir in this Court.

Further, Corresponding Counsel's stated reasons do not warrant a stay even under their own terms, for at least three reasons. First, under *Colorado River*, federal courts have a "virtually unflagging obligation" to exercise jurisdiction, and even if the actions were parallel (which they are not because they involve different parties and different claims), the pendency of a prior state court action would not bar the Court from granting the relief Plaintiffs seek here, expedited or not. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *see Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 499–500 (7th Cir. 2011); *Tyrer v. City of South Beloit*, 456 F.3d 744, 752 (7th Cir. 2006). Second, as Plaintiffs have set forth in their TRO submissions, Mr. Mir is an at-will employee terminated by the person he acknowledges was his superior, and thus the Court need not reach the corporate governance questions Corresponding Counsel raises to grant the relief sought here. And third, even if the Court does reach the governance issues, Corresponding Counsel conflates venue with choice of law, which are distinct issues; venue is immaterial for present purposes, since this Court can apply D.C. law just as well as another court can.

Plaintiffs opposed expediting Zheng and Trungelliti's TRO motion in the D.C. action for the reasons they explained in that case (namely, that the status quo of who controls the PTPA has not changed). *See* E. Bianchi Email Ex. C (Defs.' Opp. to Pls.' Emergency Mot. to Reschedule Hr'g at 1–2, *Zheng v. Pospisil*, No. 2026-CAB-0004387 (D.C. Super. Ct. July 2, 2026)). By contrast, if the Court reschedules the hearing in this case, Mir will be at liberty to continue to falsely claim to represent the PTPA, including at Wimbledon, and

disclose the PTPA's confidential and privileged information, to the PTPA's immediate and irreparable detriment.

Plaintiffs thus respectfully request that the Court maintain the current scheduled hearing on their temporary restraining order motion.

Respectfully,
Mila Rusafova

*Counsel for Plaintiffs PTPA and Winners Alliance, Inc.*

---

**Mila Rusafova**

312-660-7632          224 South Michigan Avenue
www.eimerstahl.com    Chicago, IL 60604



NOTICE: This message and any attachments may contain legally privileged and Confidential information. It is not intended for transmission to unauthorized persons. If you received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) destroy the message and all attachments. Legal advice contained in the preceding message is for the sole benefit of Eimer Stahl LLP client(s) and may not be relied upon by any other party.

---

**From:** Evan Bianchi <ebianchi@shnlegal.com>
**Sent:** Tuesday, July 7, 2026 2:30 PM
**To:** chez_chambers@ilnd.uscourts.gov
**Cc:** Eimer, Nate <neimer@EimerStahl.com>; Birk, Dan <dbirk@EimerStahl.com>; Schweizer, Greg <gschweizer@EimerStahl.com>; Rusafova, Mila <mrusafova@EimerStahl.com>; Shomik Ghosh <sghosh@shnlegal.com>; Jessica Underwood <junderwood@nixlaw.com>
**Subject:** Professional Tennis Players Association et al. v. Wajid Mir Syed, No. 1:26-cv-07886 (N.D. Ill.)

==WARNING: External Email==
Dear Chambers of Hon. Jeffrey I. Cummings:

We represent a group of plaintiffs who profess to rightfully control the Professional Tennis Players Association ("PTPA") in a separate pending action in the D.C. Superior Court, *Professional Tennis Players Association, et al. v. Pospisil, et al.*, (Civil Action No. 2026-CAB-004387). In that action, the PTPA we represent—acting through its lawfully constituted Executive Committee—has sought emergency relief concerning the same governance dispute that is now before this Court. *See* **Exhibit A** (amended complaint); **Exhibit B** (D.C. Superior Court TRO motion).

After speaking with Ms. Chez Chambers, and upon her guidance, we are sending a letter to all counsel copied to address an urgent issue regarding the impending TRO hearing currently scheduled before this Court for July 10, 2026.

Plaintiffs in this action are named defendants in the D.C. Superior Court action. In that action, we seek a TRO and emergency relief preventing plaintiffs here from, among other things, holding themselves out as the PTPA, speaking or acting for the PTPA, or initiating litigation on the PTPA's behalf (all three of which are violated by the filing of this lawsuit). Yet, after the D.C. Superior Court (Judge Okun) set a hearing on our TRO motion on July 16, 2026—and without notifying us or the D.C. Superior Court (in violation of D.C. Superior Court Rule 40-I(f)(B))—the plaintiffs in this action have now filed a TRO motion in this Court and secured an earlier hearing date.

While we're cognizant that our clients are not named defendants in this matter, the entire basis for this lawsuit turns on the same issues of corporate governance and board control that are implicated by the suit pending before the D.C. Superior Court. In light of the facts that: (1) the D.C. Superior Court has already scheduled a TRO hearing for July 16, 2026; (2) the D.C. Superior Court is the proper forum to resolve a dispute regarding the governance of a D.C. nonprofit corporation; and (3) counsel for the plaintiffs here opposed an expedited TRO hearing in the D.C. Superior Court because "no emergency warrant[s] a rushed hearing" (*see* **Exhibit C**), we ask that this Court:

1. Reschedule this Friday's TRO hearing until after the D.C. Superior Court's TRO hearing; and
2. 
3. At minimum, allow the PTPA to attend remotely so that the PTPA (some of whose members are currently abroad, including some who are competing at Wimbledon) and its counsel may meaningfully participate in the hearing.

Respectfully submitted,

Evan Bianchi
*Counsel to the PTPA*


--------------------------------------------------------------------
**Evan Bianchi**
Partner, Spiro Harrison & Nelson
100 Pearl Street, Suite 1803
New York, NY 10004
Direct: 646.412.5616
https://www.shnlegal.com/


-

<mark>**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.</mark>