**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| PROFESSIONAL TENNIS PLAYERS ASSOCIATION and WINNERS ALLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WAJID MIR SYED, a/k/a WAJID MIR, <br><br> Defendant. | Civil Action No.: 1:26-cv-7886 |

**MOTION OF PROPOSED INTERVENOR, THE PROFESSIONAL
TENNIS PLAYERS ASSOCIATION, BY AND THROUGH ITS EXECUTIVE
COMMITTEE, TO INTERVENE FOR THE LIMITED PURPOSE OF THE
TEMPORARY RESTRAINING ORDER PROCEEDINGS**

Proposed Intervenor, the Professional Tennis Players Association (the "Association" or "PTPA"), by and through its Executive Committee (the "June 3 Executive Committee"),[1] respectfully move under Federal Rule of Civil Procedure 24 to intervene in this action for the limited purpose of being heard on Plaintiff's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction (the "TRO Application"), and to appear at the hearing set for July 10, 2026. As set out below, the June 3 Executive Committee satisfies each requirement for intervention of right under Rule 24(a)(2), and in any event meets the standard for permissive intervention under Rule 24(b). In support, the June 3 Executive Committee states as follows:

---

[1] This case features the linguistically difficult circumstance of two different groups claiming to be the PTPA. Thus, Proposed Intervenor refers to the PTPA that is a Plaintiff in this action as the "June 4 Committee" and the PTPA that is a Plaintiff in the D.C. Superior Action as the "June 3 Executive Committee."

**BACKGROUND**

Though filed in the PTPA's name, this action follows an earlier suit—filed weeks before in Superior Court of the District of Columbia—in which the June 4 Committee and Winners Alliance, Inc. ("Winners Alliance") are defendants, and in which the PTPA that sued in Washington, D.C. (and now seeks to intervene here) sought a temporary restraining order to prevent precisely what has happened: the Washington, D.C. defendants suing elsewhere in the PTPA's name. Indeed, who has the authority to act for the PTPA is the central question in the first-filed action now pending in the D.C. court, *Professional Tennis Players Association v. Pospisil*, No. 2026 CA 004387 (D.C. Super. Ct.) (the "D.C. Action").

The June 4 Committee's TRO Application here seeks emergency relief, in the name of the PTPA, that would as a practical matter determine who controls the Association and who may act and speak on its behalf. The June 3 Executive Committee—the body that in fact governs the PTPA—seeks to intervene so that the Court may hear its position before entering any such relief. The Court has indicated that the PTPA may appear at the July 10, 2026 hearing; this motion formalizes that appearance. *See* ECF No. 12 (allowing "counsel for any entities or individuals who have filed a motion seeking leave to intervene if counsel has filed an appearance or sought leave to appear pro hac" to participate in the TRO hearing).

This is a limited appearance, for purposes of the TRO and preliminary injunction proceedings only. By intervening, the June 3 Executive Committee does not concede that this District is the proper forum for the parties' governance dispute, and it expressly reserves all rights, including to seek a stay, dismissal, or transfer in favor of the first-filed D.C. Action.

2

## **ARGUMENT**

I.     <u>The June 3 Executive Committee Satisfies Each Requirement for Intervention of Right.</u>

Rule 24(a)(2) provides for intervention, on a timely motion, by one who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless an existing party adequately represents that interest. Fed. R. Civ. P. 24(a)(2). The Seventh Circuit distills the Rule into four requirements: the motion must be timely; the movant must have an interest relating to the subject matter of the action; disposition of the action must threaten to impair that interest; and the existing parties must not adequately represent that interest. *Ligas v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). The proposed intervenor satisfies each.

First, the motion is timely. This action is only days old, no restraining order has issued, and Proposed Intervenor is moving before the July 10 hearing. Intervention will neither delay the proceedings nor prejudice any party.

Second, Proposed Intervenor has a direct and substantial interest in the subject of this action. The interest required by Rule 24(a)(2) must be "direct, significant[,] and legally protectable," and based on "a right that belongs to the proposed intervenor rather than to an existing party." *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985). That standard is met here: The June 4 Committee asks the Court to decide, on an emergency basis, who is authorized to act and speak for the PTPA, and the composition of the Association's Executive Committee and its authority to govern the Association are the June 3 Executive Committee's own core interests—the interests around which this dispute revolves.

Third, disposition of the TRO Application would, as a practical matter, impair those interests. A restraining order entered on the premise that the persons directing this suit control the PTPA would impede the June 3 Executive Committee's ability to govern the Association, and

3

would prejudice its position in the first-filed D.C. Action, in which the identical question is squarely presented.

Fourth, no existing party adequately represents the June 3 Executive Committee's interest. The movant's burden on this element is "minimal"; it need only show that representation "may be" inadequate. *Ligas*, 478 F.3d at 774. And a party does not adequately represent the movant merely because the two are aligned on the same side of the "v."; Rule 24 calls for a discriminating comparison of the absentee's actual interests and those of the existing parties.

Here, the nominal Plaintiff "PTPA" is directed by the very persons whose authority the June 3 Executive Committee disputes, and Plaintiff Winners Alliance is aligned with them; their representation of the Association is not merely inadequate but adverse. Nor can the sole Defendant, Mr. Mir, adequately represent the June 3 Executive Committee's distinct interest. Mr. Mir appears in his individual capacity, defending his own removal, his employment, and his professional reputation; his aim is to defeat the relief sought against him personally.

The June 3 Executive Committee's interest is different in kind—it is institutional, and it belongs to the Association itself: the governance and control of the PTPA, the validity and continuing effect of the Executive Committee's June 3 resolutions as corporate acts binding the entire board, and the Association's right to be directed only by its lawfully constituted leadership. Although Mr. Mir and the June 3 Executive Committee agree that the June 4 letter was ineffective, an individual officer defending his own position cannot vindicate the entity's separate governance interests—least of all where his own authority is itself part of what is disputed—and his litigation decisions will be driven by his personal stakes, not the Association's institutional ones.

II.     The June 3 Executive Committee Also Satisfies the Standard for Permissive Intervention.

The June 3 Executive Committee separately satisfies the standard for permissive intervention, which is committed to the Court's discretion where the applicant "has a claim or

4

defense that shares with the main action a common question of law or fact," so long as intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). The June 3 Executive Committee's position shares the central questions in this case—the composition of the Executive Committee and the authority to act for the PTPA—and intervention will cause no delay while ensuring that the Court hears from the entity in whose name the relief is sought.

III.     The Motion Satisfies Rule 24(c).

This motion is accompanied by Proposed Intervenor's Opposition to Plaintiffs' TRO Application, which sets out the defense for which intervention is sought, and by the Declaration of Saisai Zheng, which is attached as Exhibit A to the Proposed Intervenor's Opposition brief. *See* Fed. R. Civ. P. 24(c).

## CONCLUSION

Proposed Intervenor respectfully requests that the Court grant them leave to intervene for the limited purpose of the TRO and preliminary injunction proceedings, permit them to be heard at the July 10, 2026 hearing, and accept their accompanying Opposition to Plaintiffs' TRO Application.

Date:  July 9, 2026

Respectfully submitted,

**The Professional Tennis Players Association, by and through its Executive Committee**

By:    /s/ Richard A. Saldinger

Richard A. Saldinger (#6209930)
**LANDSMAN SALDINGER CARROLL, PLLC**
181 W. Madison St., Suite 4700
Chicago, IL 60602
saldinger@lsclegal.com
(312) 291-4650
*Local Counsel for Proposed Intervenor*

5

Shomik Ghosh
Evan Bianchi
SPIRO HARRISON & NELSON
100 Pearl Street, Suite 1803
New York, NY 10004
sghosh@shnlegal.com
ebianchi@shnlegal.com
*(pro hac vice applications pending)*
*Attorneys for Proposed Intervenor*

## <u>CERTIFICATE OF SERVICE</u>

I, Richard A. Saldinger, certify that on July 9, 2026, I caused the foregoing to be served on all counsel of record through the Court's CM/ECF system.

<u>/s/ Richard A. Saldinger</u>