**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PROFESSIONAL TENNIS PLAYERS
ASSOCIATION and WINNERS
ALLIANCE, INC.,

      Plaintiffs,

v.

WAJID MIR SYED, a/k/a WAJID MIR,

      Defendant.

Case No. 1:26-cv-7886

Hon. Jeffrey I. Cummings

**AGREED ORDER**

This matter comes before the Court on Plaintiff Professional Tennis Players Association's Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Plaintiff's Motion") [8]. The parties, by their respective counsel, submitted briefing, appeared before the Court at the hearing held on July 10, 2026, and have conferred and agreed to the entry of this Agreed Order. The Court being duly advised in the premises, IT IS HEREBY ORDERED:

1.     Plaintiff's Motion is entered and continued.

2.     This Order is supplemental to the order entered by the Court on July 10, 2026 [25]. The effective period of this order shall be *nunc pro tunc* to the hearing on July 10, 2026, through and including July 20, 2026, unless the parties stipulate otherwise. The Court is advised that the hearing on the motion for a temporary restraining order in *Professional Tennis Players Association v. Pospisil*, No. 2026-CAB-4387 (D.C. Super. Ct.) (the "D.C. Action") is currently set for July 16, 2026.

3.     During the effective period of this Order:

    a.   Defendant shall not disparage any of the defendants in the D.C. Action, and

        Plaintiffs shall not disparage Defendant, provided, that nothing in this Order shall

1

prevent either party from prosecuting or defending any claim or articulating their legal and factual positions in any court filing.

b. Defendant shall not interact or communicate with the PTPA's outside counsel, the defendants, or the defendants' counsel in *Pospisil v. ATP Tour, Inc.*, No. 1:25-cv-02207 (S.D.N.Y.) (the "Antitrust Action") or the PTPA's outside counsel or the claimant's counsel in the employment matter described in Paragraph 43 of the complaint in this case [1], and shall not discuss the Antitrust Action, including any of the claims asserted or the potential resolution thereof, with any third party.

c. Defendant shall not disclose any confidential or privileged information to any third party. For purposes of this Order, the parties and counsel in the D.C. Action are not third parties. Nothing in this Order shall preclude Defendant from serving as a fact witness or otherwise participating in proceedings related to the July 16, 2026 hearing in the D.C. Action.

4. No party shall intentionally do indirectly what they have agreed not to do directly.

5. Nothing in this Order shall constitute or reflect a waiver by, or the consent of, Plaintiffs to any disclosure of confidential or privileged information or to any conflict of interest or breach of any fiduciary or other duties, including during the pendency of this order. Plaintiffs and Defendant reserve all rights.

6. This Order does not reflect a disposition of, and is without prejudice to, any of the arguments or issues raised in Plaintiff's Motion, the responses thereto, or on any other issue.

7. The parties shall submit a joint status report by 9:00 a.m. on July 20, 2026, advising on the status of the D.C. Action and setting forth their positions on whether this Order should be extended, modified, or vacated, and on Plaintiff's Motion.

2

SO ORDERED.

Dated: July 14, 2026

Hon. Jeffrey I. Cummings
United States District Judge