**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PROFESSIONAL TENNIS PLAYERS ASSOCIATION and WINNERS ALLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WAJID MIR SYED, a/k/a WAJID MIR, <br><br> Defendant. | Case No. 1:26-cv-07886 <br><br> Hon. Jeffrey I. Cummings <br><br> Magistrate Judge Young B. Kim |

**PLAINTIFF PROFESSIONAL TENNIS PLAYERS ASSOCIATION'S OPPOSED
MOTION FOR EXTENSION OF AGREED TEMPORARY RESTRAINING ORDER**

Plaintiff Professional Tennis Players Association (the PTPA) respectfully moves the Court to modify and extend the Court's post-hearing orders [25, 26] as set forth in the prayer for relief below and in the proposed order submitted herewith. In support, the PTPA states:

1. The PTPA's Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Plaintiff's motion") [8] is currently pending before the Court, which entered two orders after a hearing held on July 10, 2026 [25, 26]. These orders were structured to preserve the status quo until the parties and the Court could determine how to proceed after the D.C. Superior Court ruled on the TRO application in *Professional Tennis Players Association v. Pospisil*, No. 2026-CAB-4387 (D.C. Super. Ct.) (the "D.C. Action"). When the orders were entered, it was not known when the D.C. Superior Court would rule.

2. That has now changed. The hearing in the D.C. Action was held yesterday, July 16. The D.C. Superior Court indicated that it would take the application in that case under advisement and issue an oral ruling on Monday, July 20, 2026 at 2 p.m. Eastern/1 p.m. Central. This is after the deadline for the joint status report in this case, which is currently 9:00 a.m. Central the same day.

3.      The PTPA therefore requests that the Court essentially extend the effective period of the post-hearing orders [25, 26] until the parties can review the D.C. Superior Court's ruling and make appropriate applications to this Court. The PTPA suggests that the Court direct the parties to meet and confer after the D.C. Superior Court's ruling to determine how to proceed in this case. If the parties agree, then their agreement can be set forth in a joint status report on Wednesday, July 22, 2026 at 9:00 a.m. If the parties disagree, then they can set forth their disagreements either in the joint status report or by application to the Court. Until the Court thereafter determines whether to extend, modify, or vacate the terms of the Court's post-hearing orders, all parties would remain subject to their terms and the status quo would be preserved.

4.      The relief sought by this motion would not prejudice any party. It preserves the status quo until after the parties can proceed in an orderly way after the D.C. Superior Court's ruling; avoids duplicative or pointless submissions to the Court; affords the parties a short but reasonable time to address case management by agreement; does not prevent any party from making further applications to this Court; and preserves all parties' claims, defenses, and objections.

5.      Counsel for the parties conferred by email, and Defendant opposes the relief requested in this motion. Defendant offered four reasons: (1) that the D.C. Superior Court permitted further submissions by 6 p.m. Eastern/5 p.m. Central today, and it wanted to file thereafter to determine the effect of any filings (2) that it accelerates the time for a submission to the Court when nothing has changed to warrant that, and that the parties can make a supplemental submission on Monday afternoon after the joint status report in the morning; (3) that it repurposes the status report, which was intended to advise the Court of the status after the D.C. Action ruling

2

and not to serve as an occasion for extending the current order, and (4) that it extends the orders in this case until the Court can resolve them rather than allowing them to lapse on Monday.

6. The PTPA respectfully submits that these grounds are either wrong or else offer no basis to deny the relief requested here, and that Defendant's proposal to file a report Monday morning, supplement it in the afternoon, and let the current orders lapse at the end of the day is inefficient, unreasonable, and unnecessary:

    a. It is just wrong that circumstances have not changed because it is now known when the D.C. Superior Court will rule.

    b. It is unclear what if any difference filings in that court after hours on Friday would make, and Defendant's counsel failed to indicate (even after invitation to explain) whether it knew of any further filings that would affect these proceedings.

    c. Defendant's proposal of a supplemental submission on Monday afternoon makes the morning report a waste of time and would give the parties and the Court at most only a few hours to act before the current orders lapse.

    d. It is incorrect that the joint status report serves only to advise the Court of what happened in D.C.; it is also a natural vehicle for the parties to request that the current orders be extended, modified, or vacated.

    e. While the proposal here would extend the current status quo, it would do so only until the Court can rule on the parties' proposals for proceeding while avoiding further expedited submissions to the Court if the current orders lapse.

7. After the parties' email exchanges, Plaintiffs' counsel called Defendant's counsel to determine whether Defendant intended to file a written response and (notwithstanding the

expedited schedule) agree to a briefing schedule; at Defendant's request, Plaintiffs' counsel also sent a draft of this motion. Defendant proposed that its response be due at 6 p.m. Central on Monday, July 20. Since a response then would defeat the purpose of this motion, the PTPA objects.

WHEREFORE, the PTPA respectfully requests that the Court enter an order that:

1.  Resets the time for the parties to submit a joint status report to no later than 9:00 a.m. on Wednesday, July 22, 2026, and strikes the current due date of July 20, 2026;

2.  Directs the parties to:

    a.  Meet and confer after the July 20 ruling in the D.C. Action to determine whether the terms of the prior agreed orders in this case [25, 26] should be extended, modified, or vacated;

    b.  Set forth their agreement in the joint status report or, if they cannot agree, set forth their respective proposals for resolution of Plaintiff's motion, for whether to extend, modify, or vacate the prior orders [25, 26], and for any further matters, though nothing shall prevent either party from applying to the Court for appropriate relief before submission of the joint status report;

3.  Extends the terms of the prior agreed order [26] until the Court extends, modifies, or vacates that order; and

4.  Except as modified by the relief ordered on this motion, preserves all other terms of the post-hearing orders [25, 26].

A proposed order has been submitted with this motion.

4

Dated: July 17, 2026

Respectfully submitted,

/s/ Nathan P. Eimer

Nathan P. Eimer
James W. Joseph
Daniel D. Birk
Gregory M. Schweizer
Mila B. Rusafova
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7600
neimer@eimerstahl.com
jjoseph@eimerstahl.com
dbirk@eimerstahl.com
gschweizer@eimerstahl.com
mrusafova@eimerstahl.com

*Counsel for Plaintiff*
*Professional Tennis Players Association*