IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL TENNIS PLAYERS ASSOCIATION and WINNERS ALLIANCE, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 26-cv-07886 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| WAJID MIR SYED, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court has reviewed the parties' July 21, 2026 joint status report, (Dckt. #30), along with its attached exhibits, including the July 20, 2026, written order by the Superior Court of the District of Columbia which granted in part and denied in part plaintiffs' motion for a temporary restraining order and preliminary injunction in the case captioned as *Professional Tennis Players Association, by and through its Executive Committee, Saisai Zheng, and Marco Trungelliti v. Vasek Pospisil, Bethanie Mattek-Sands, Hubert Hurkacz, Ons Jabeur, Romain Rosenberg, Ahmad Nassar, and Winners Alliance, Inc.*, No. 2026-CAB-004387 (D.C. Super. Ct.) (the "DC lawsuit"). Notably, the parties did not include the transcripts from the July 16 TRO hearing or the July 20 oral ruling in the DC lawsuit.

The Superior Court, among other things, ordered defendants: (1) to provide at least seven days' notice of any Executive Committee meeting to Taylor Townsend and Ms. Zheng (two Executive Committee members); and (2) to provide plaintiffs and the Superior Court with at least fourteen days' notice prior to making any new appointments to the Executive Committee. The parties agree that the Superior Court further found that there was no likelihood of success regarding: (1) plaintiffs' claim that the participants in the June 3 meeting validly repopulated the

1

PTPA's Executive Committee and validly removed the PTPA's Executive Director Romain Rosenberg from his position; (2) plaintiffs' claim that the defendant Executive Committee members were not entitled to notice of the June 3 meeting because their terms had expired; and (3) defendants' claim that the June 4 meeting was a valid meeting of the Executive Committee.

Although the parties are in agreement that the Superior Court's ruling on plaintiffs' motion for a TRO in the DC lawsuit did not resolve their disputes in this case, they disagree regarding the next steps that should be taken here. Plaintiffs assert that because defendant Mir "refus[es] to agree to interim relief restraining him from holding himself out as the PTPA's lawyer," the Court should:

> enter an immediate temporary restraining order restraining Defendant from (1) representing that he is employed by, or authorized to act or speak for, the PTPA, including as its General Counsel; (2) communicating with, directing, or attempting to direct the PTPA's counsel, opposing counsel, or interested parties (including players) in the Antitrust Action or the employment claim about those matters; (3) acting or attempting to act for the PTPA; (4) directing, coordinating, or otherwise participating in the D.C. litigation or any other litigation involving the PTPA (except as a fact witness under appropriate confidentiality protections); and (5) using or disclosing the PTPA's confidential or privileged information to anyone, including parties to the D.C. litigation or their counsel, except as authorized by D.C. Rule of Professional Conduct 1.6(e) (e.g., under seal to defend himself in this action).

(Dckt. #30 at 2-3).

Mir, on the other hand, asserts that no such interim relief is warranted because he "does not presently contest that he is not serving in an operational capacity at the PTPA [and] he will conduct himself accordingly and consistent with his ethical obligations." (*Id.* at 11). The Court agrees. If Mir, in fact, conducts himself in accordance with his ethical obligations and the proposition that he is not serving in any operational capacity at the PTPA, he will not engage in any of the above specified prohibited actions that plaintiffs seek to incorporate into an interim TRO. Mir, as an attorney, is an officer of the court who is held "to a particularly high standard

of candor" and the Court takes him at his word that he will comply with his ethical obligations and his representation about how he will conduct himself going forward. *See, e.g.*, *Anderson v. Hale*, 159 F.Supp.2d 1116, 1117 (N.D.Ill. 2001); *Briggs v. Marshall*, 93 F.3d 355, 359 (7th Cir. 1996) ("We take him at his word given that he is an officer of the court"); *American Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, No. 03 C 9421, 2004 WL 2108403, at *1 (N.D.Ill. Sept. 21, 2004) (finding that an attorney "is an officer of the court, subject to the court's orders, and we have no reason to believe he would violate his professional obligations.").

Plaintiff PTPA is granted leave to file a supplement to its motion for a TRO and a preliminary injunction on or before July 27, 2026. Plaintiff should attach the transcripts from the Superior Court's July 16 and July 20 hearings if available and it should address the significance of new factual developments (e.g., the July 20 termination letter) and respond to any supplemental arguments raised by defendant in the joint status report (e.g., that Rosenberg lacked authority to fire him under the PTPA's governing documents). Defendant and Intervenors are granted leave to supplement their responses to plaintiff's motion on or before July 31, 2026 and plaintiff shall file its reply on or before August 4, 2026. The parties are further ordered to meet and confer regarding the discovery they desire to conduct prior to the preliminary injunction hearing and they shall file a proposed discovery plan on or before August 5, 2026. This matter is set for a continued in-person TRO hearing on August 6, 2026 at 1:00 p.m. in courtroom 1219. Counsel for the Intervenors are granted leave to participate by telephone.

**DATE: July 22, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

3